*E-FILED ON 2/1/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| COMPUTER CACHE COHERENCY CORPORATION, | Case Nos. C05-01668 RMW (HRL) |
|---|---|
| Plaintiff, | C05-01766 RMW (HRL) |
| v. | **INTERIM ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER** |
| VIA TECHNOLOGIES, INC., et al., | |
| Defendants. | |
| COMPUTER CACHE COHERENCY CORPORATION, | |
| Plaintiff, | |
| v. | |
| INTEL CORPORATION, | |
| Defendant. | |

On January 31, 2006, this court heard the "Motion for Entry of a Protective Order" filed by plaintiff Computer Cache Coherency Corporation ("CCCC"). Defendant Intel Corporation ("Intel") opposed the motion. Defendant Via Technologies, Inc. ("Via") joined in Intel's opposition.

The parties agree that a protective order is necessary to safeguard confidential and proprietary information that may be disclosed in the course of this litigation. However, among

other things, they dispute whether any protective order to be entered should restrict patent prosecution activities by any outside counsel or expert who reviews "Highly Confidential – Attorneys' Eyes Only" information.  Briefly stated, Intel argues that such a provision is necessary to prevent any inadvertent disclosure of its confidential information by persons involved in patent prosecution.  CCCC contends that Intel has not made a sufficient showing for such a restriction and that Intel's proposed terms are, in any event, overbroad and onerous.

Based upon the record presented, it appears that the only person who might be involved in patent prosecution is one of CCCC's outside litigation attorneys, Omer Salik.  However, the record reflects only that Salik is registered to practice before the United States Patent & Trademark Office (*see* Farrell Decl., Ex. 31), and this court is not persuaded that Salik's status as a patent attorney, standing alone, is sufficient to justify the restrictions requested by Intel.  *See U.S. Steel Corp. v. United States*, 730 F.2d, 1465, 1469 (Fed. Cir. 1984) (holding that access to confidential information cannot be denied solely because of counsel's status as an in-house attorney).  CCCC argues that Intel has made no effort to present any evidence as to CCCC's counsel's actual patent prosecution activities.  Intel contends that any further facts are in CCCC's possession and have not been forthcoming from CCCC.

The *U.S. Steel Corp.* decision counsels that each case must be evaluated on its own facts on a counsel-by-counsel basis.  *See U.S. Steel Corp.*, 730 F.2d at 1468.  This court finds that further facts are necessary to inform its decision as to the instant motion for a protective order.  Accordingly, IT IS ORDERED THAT:

1. **No later than February 13, 2006**, attorney Salik shall submit a declaration (a) advising as to his patent prosecution activities (if any) in the area involved in the instant litigation, and (b) informing the court as to his advice and participation (if any) in "competitive decisionmaking" for CCCC under the standard set out in *U.S. Steel Corp*.  The declaration shall describe the factual circumstances surrounding his activities, association and relationship with CCCC, including whether he provides patent prosecution services in the area involved in the instant litigation.

2. To the extent CCCC wishes to submit further briefing as to any new issues raised by Salik's declaration, it may file a supplemental brief (not to exceed 5 pages) **no later than February 13, 2006**.

3. Intel and Via may file responsive papers as to any new issues raised by Salik's declaration (with their respective briefs not to exceed 5 pages) no later than **February 17, 2006**.

4. Unless otherwise ordered by the court, the matter will be taken under submission without further oral argument.

Dated:  February 1, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**United States District Court**
For the Northern District of California

1  **5:05-cv-1668 Notice will be electronically mailed to**:

2  Juanita R. Brooks brooks@fr.com, njohnson@fr.com

3  Joseph V Colaianni , Jr Colaianni@fr.com

4  Roderick G. Dorman dormanr@hbdlawyers.com, spearsl@hbdlawyers.com

5  John Michael Farrell jfarrell@fr.com, lzh@fr.com

6  Robert Paul Feldman rfeldman@wsgr.com, rarteaga@wsgr.com

7  George C. Fisher gfisher@rfwklaw.com,

8  Lawrence M. Hadley hadleyl@hbdlawyers.com,

9  Mark E. Miller markmiller@omm.com, kfraser@omm.com; fdacosta@omm.com

10  Jennifer Ochs jochs@wsgr.com, rpezzimenti@wsgr.com

11  Matthew R. Reed mreed@wsgr.com, pciviletti@wsgr.com

12  Maura Rees mrees@wsgr.com

13  Timothy Wayne Riffe Riffe@fr.com, conway@fr.com; wood@fr.com

14  Omer Salik saliko@hbdlawyers.com, rangelm@hbdlawyers.com

15  Luann Loraine Simmons lsimmons@omm.com, smeblin@omm.com; cholsome@omm.com

16  **5:05-cv-1766 Notice will be electronically mailed to**:

17  Juanita R. Brooks brooks@fr.com, njohnson@fr.com

18  Joseph V Colaianni , Jr Colaianni@fr.com

19  Roderick G. Dorman dormanr@hbdlawyers.com, spearsl@hbdlawyers.com

20  John Michael Farrell jfarrell@fr.com, lzh@fr.com

21  George C. Fisher fisher.george@dorsey.com,

22  Lawrence M. Hadley hadleyl@hbdlawyers.com,

23  Timothy Wayne Riffe Riffe@fr.com, conway@fr.com; wood@fr.com

24  Omer Salik saliko@hbdlawyers.com, rangelm@hbdlawyers.com

25  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

26

27

28

4