*E-FILED ON 2/28/06*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COMPUTER CACHE COHERENCY
CORPORATION,

               Plaintiff,

      v.

VIA TECHNOLOGIES, INC. and
VIA TECHNOLOGIES, INC. USA,

               Defendants and Counterclaimants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 05-CV-01668 RMW (HRL)

COMPUTER CACHE COHERENCY
CORPORATION,

               Plaintiff,

      v.

INTEL CORPORATION,

               Defendant and Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 05-CV-01766 RMW (HRL)

(Cases consolidated through claim
construction)

**STIPULATED PROTECTIVE ORDER**

(MODIFIED BY THE COURT)

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, including items or information from a non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a party or a party's parent, affiliates, or subsidiaries but who are retained to represent or advise a party and are of record in this action.

2.10     In-House Counsel: attorneys who are employees of a party.

2.11     Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3      4.   <u>DURATION</u>

4      Even after the termination of this litigation, the confidentiality obligations imposed by

5  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6  order otherwise directs. **This court will retain jurisdiction to enforce the terms of this protective**

**for a period of six months after the final termination of this action.**

7      5.   <u>DESIGNATING PROTECTED MATERIAL</u>

8      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

9  Each Party or non-party that designates information or items for protection under this Order must

10  take care to limit any such designation to specific material that qualifies under the appropriate

11  standards. A Designating Party must take care to designate for protection only those parts of

12  material, documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which protection is not

14  warranted are not swept unjustifiably within the ambit of this Order.

15      Mass, indiscriminate, or routinized designations are prohibited. Designations that

16  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

17  unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19      If it comes to a Party's or a non-party's attention that information or items that it

20  designated for protection do not qualify for protection at all, or do not qualify for the level of

21  protection initially asserted, that Party or non-party must promptly notify all other parties that it

22  is withdrawing the mistaken designation.

23      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

24  Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or

25  ordered, material that qualifies for protection under this Order must be clearly so designated

26  before the material is disclosed or produced.

27      Designation in conformity with this Order requires:

28

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, including any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the

1   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

2   testimony may have up to 20 days to identify the specific portions of the testimony as to which

3   protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

4   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5           Transcript pages containing Protected Material must be separately bound by the

6   court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party

8   offering or sponsoring the witness or presenting the testimony.

9                   (c)     for information produced in some form other than documentary,

10  and for any other tangible items, that the Producing Party affix in a prominent place on the

11  exterior of the container or containers in which the information or item is stored the legend

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

13  portions of the information or item warrant protection, the Producing Party, to the extent

14  practicable, shall identify the protected portions, specifying whether they qualify as

15  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

16          5.3     Inadvertent Failures to Designate. An inadvertent failure to designate

17  qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes

18  Only" does not waive the Designating Party's right to secure protection under this Order for such

19  material. If material is appropriately designated as "Confidential" or "Highly Confidential –

20  Attorneys' Eyes Only" after the material was initially produced, the Receiving Party must

21  promptly make all reasonable efforts to assure that the material is treated in accordance with the

22  provisions of this Order, including retrieving any copies that may have been distributed to

23  unauthorized individuals.

24      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

25          6.1     Timing of Challenges.   Following the production of material designated

26  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

27  counsel for a Party may challenge such designation by providing the Designating Party with

28  written notice of such challenge and by identifying the material as specifically as possible.  The

1   challenge should be made as soon as is practicable following production, and unreasonable delay

2   may be considered a waiver of the challenge if the circumstances so warrant.  The Designating

3   Party shall have fifteen (15) days from the receipt of such notice to withdraw its designation.  If

4   the Designating Party does not withdraw its designation, counsel for the challenging Party may

5   file a motion with the Court within 30 days of providing written notice challenging the objection

6   that the designation is invalid as set forth below.

7          6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

8   Designating Party's confidentiality designation must do so in good faith and, in addition to the

9   written notice, must confer directly (in voice to voice dialogue; other forms of communication

10  are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party

11  must explain the basis for its belief that the confidentiality designation was not proper and must

12  give the Designating Party an opportunity to review the designated material, to reconsider the

13  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

14  designation. A challenging Party may file a motion challenging the designation only if it has

15  engaged in this meet and confer process first.

16         6.3     <u>Judicial Intervention</u>.  A Party that elects to file a motion after the meet

17  and confer shall identify in the motion challenged material and set forth in detail the basis for the

18  challenge. Each such motion must be accompanied by a competent declaration that affirms that

19  the movant has complied with the meet and confer requirements imposed in the preceding

20  paragraph and that sets forth with specificity the justification for the confidentiality designation

21  that was given by the Designating Party in the meet and confer dialogue.

22         The burden of persuasion in any such challenge proceeding shall be on the Designating

23  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

24  question the level of protection to which it is entitled under the Designating Party's designation.

25     7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

26         7.1     <u>Basic Principles</u>.  All documents produced by, or discovery responses of,

27  any party in these proceedings, as well as all deposition testimony in these proceedings, whether

28  or not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

1  ONLY, shall be used <u>solely</u> in connection with, and only as necessary to, this litigation and the

2  preparation and trial in this case, or any related appellate proceeding, and not for any other

3  purpose, including without limitation *any* other litigation or *any* business or competitive purpose

4  or function. To that end, the parties and their counsel shall not distribute or disclose any

5  documents or information produced in this litigation to any third party or any of their agents,

6  consultants, officers, directors, employees or representatives except on a need to know basis and

7  pursuant to such agent, consultant, employee, officer, director or representative's obligation to

8  maintain the confidentiality of such document or information.

9      Protected Material must be stored and maintained by a Receiving Party at a location and

10  in a secure manner that ensures that access is limited to the persons authorized under this Order.

11      7.2    A Receiving Party may use material that is disclosed or produced by

12  another Party or by a non-party in connection with this case only for prosecuting, defending, or

13  attempting to settle this litigation. Such material may be disclosed only to the categories of

14  persons and under the conditions described in this Order. When the litigation has been

15  terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL

16  DISPOSITION).

17      7.3    Nothing in this Order shall restrict a Producing Party's use or disclosure of

18  its own Confidential or Highly Confidential Information, nor the use of information by a

19  Receiving Party that has become publicly known through no fault of the Receiving Party.

20      7.4    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

21  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

22  Party may disclose any information or item designated CONFIDENTIAL only to:

23          (a)    the Receiving Party's Outside Counsel of record in this action,

24  including Outside Counsel's support staff such as paralegals and secretaries;

25          (b)    no more than two officers, directors, and employees (including In-

26  House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

27  litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

28

1                (c)    experts (as defined in this Order) of the Receiving Party to whom

2  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A);

4                (d)    the Court and its personnel;

5                (e)    court reporters, their staffs, and professional vendors such as

6  graphics services or jury consultants to whom disclosure is reasonably necessary for this

7  litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8                (f)    during their depositions, witnesses in the action to whom

9  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

10  Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

11  depositions that reveal Protected Material must be separately bound by the court reporter and

12  may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

13                (g)    the author of the document or the original source of the

14  information.

15        7.5    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

17  the Designating Party, a Receiving Party may disclose any information or item designated

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19                (a)    the Receiving Party's Outside Counsel of record in this action,

20  including Outside Counsel's support staff such as paralegals and secretaries;

21                (b)    Experts (as defined in this Order) (1) to whom disclosure is

22  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

23  Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6, have

24  been followed;

25                (c)    the Court and its personnel;

26                (d)    court reporters, their staffs, and professional vendors such as

27  graphics services and jury consultants to whom disclosure is reasonably necessary for this

28

1 litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

2 and

3             (e)     the author of the document or the original source of the

4 information.

5          7.6     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

6 ATTORNEYS' EYES ONLY" Information or Items to Experts

7             (a)     Unless otherwise ordered by the court or agreed in writing by the

8 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

9 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

10 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

11 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

12 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

13 her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

14 Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

15 received compensation for work in his or her areas of expertise or to whom the expert has

16 provided professional services at any time during the preceding five years, (6) identifies whether

17 the Expert is involved in any aspect of prosecuting patent applications relating to

18 microprocessors or chipsets, and (7) identifies (by name and number of the case, filing date, and

19 location of court) any litigation in connection with which the Expert has provided any

20 professional services during the preceding five years.

21             (b)     A Party that makes a request and provides the information

22 specified in the preceding paragraph may disclose the subject Protected Material to the identified

23 Expert unless, within seven court days of delivering the request, the Party receives a written

24 objection from the Designating Party. Any such objection must set forth in detail the grounds on

25 which it is based.

26             (c)     A Party that receives a timely written objection must meet and

27 confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

28 matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

1    Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

2    Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

3    describe the circumstances with specificity, set forth in detail the reasons for which the

4    disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would

5    entail and suggest any additional means that might be used to reduce that risk. In addition, any

6    such motion must be accompanied by a competent declaration in which the movant describes the

7    parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

8    confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

9    approve the disclosure.  In any such proceeding the Party opposing disclosure to the Expert shall

10   bear the burden of proving that the risk of harm that the disclosure would entail (under the

11   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

12   its Expert.

13          7.7     In addition to the restrictions set forth in the Protective Order for

14   Attorneys' Eyes Only Information, RTL, HDL, or other similarly sensitive code or electrical

15   schematics of the accused VIA and Intel chipsets prepared with the aid of such code

16   (collectively, "Code or Schematics") also shall be subject to the following limitations:

17          a.      Any Code or Schematics shall be stored on a single stand-alone

18   computer (i.e. a computer not connected to any network, internet or peripheral device) in a secure

19   location at the Los Angeles-area office of the producing party's counsel and/or, at the option of the

20   requesting party, at an office (to be selected by the producing party) within reasonable proximity

21   of the requesting party's expert witness.

22          b.      The producing party shall provide access to this stand-alone

23   computer during regular business hours (9 a.m. to 6 p.m.) on reasonable notice.  Twenty-four

24   hours' notice shall be deemed reasonable for access Monday through Friday, and shorter notice

25   shall be accommodated whenever reasonably possible.

26          c.      The producing party will produce Code in computer searchable

27   format, and the stand-alone computer will contain software sufficient to allow a user to search and

28   view the Code, and to view Schematics.

1             d.      At the request of the receiving party or its expert, the producing

2     party must provide paper copies of reasonable portions of Code or Schematics at the time of

3     inspection by the requesting party's outside counsel or expert, which the requesting party's

4     counsel or expert may take when completing an inspection.  The Code or Schematics must be kept

5     in a locked container or location at the offices of the requesting party's outside counsel of record

6     at all times.  Neither the receiving party's counsel nor its expert may make any additional copies

7     of such Code or Schematics except as provided in paragraphs (e) or (f) below.  Under no

8     circumstances may the requesting party's outside counsel or expert make additional copies of any

9     portion of such Code or Schematics for internal use or for distribution to others.

10            e.      A receiving party that wants to use any of the Code or Schematics at

11    a deposition may, no earlier than 24 hours prior to any such deposition, make only as many copies,

12    and only of the specific pages, as the receiving party intends to actually use at the deposition.  At

13    the conclusion of the deposition, the producing party will collect each copy and will retain the

14    original of any such exhibit, which shall not be appended to the transcript of the deposition.  In the

15    event the deposition lasts more than one day, the producing party will collect each copy at the end

16    of each day of the deposition.  No one other than the producing party may remove the copies from

17    the deposition room.

18            f.      A receiving party that desires that any of the Code or Schematics be

19    filed with or otherwise submitted to the Court in connection with a filing may, no earlier than 24

20    hours prior to the relevant filing, make only as many copies, and only of the specific pages, as

21    needed for submission to the Court and shall file any and all such copies of the Code or

22    Schematics with an application to file all such copies under seal, following the procedures set out

23    in the Protective Order.

24        8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

25    <u>OTHER LITIGATION</u>.

26           If a Receiving Party is served with a subpoena or an order issued in other

27    litigation that would compel disclosure of any information or items designated in this action as

28    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

1   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

2   immediately and in no event more than three court days after receiving the subpoena or order.

3   Such notification must include a copy of the subpoena or court order.

4          The Receiving Party also must immediately inform in writing the Party who

5   caused the subpoena or order to issue in the other litigation that some or all the material covered

6   by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party

7   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

8   that caused the subpoena or order to issue.

9          The purpose of imposing these duties is to alert the interested parties to the

10   existence of this Protective Order and to afford the Designating Party in this case an opportunity

11   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

12   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

13   of its confidential material – and nothing in these provisions should be construed as authorizing

14   or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15          9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

17   Material to any person or in any circumstance not authorized under this Stipulated Protective

18   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

19   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

20   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

21   this Order, and (d) request such person or persons to execute the "Acknowledgment and

22   Agreement to Be Bound" that is attached hereto as Exhibit A.

23          Unauthorized or inadvertent disclosure does not change the status of Protected Material

24   or waive the right to hold the disclosed document or information as Protected.

25          10.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL.

26          If a Responding Party inadvertently produces a document that it later discovers or in good

27   faith asserts to be a privileged document, the production of that document shall not be deemed to

28   constitute a waiver of any applicable privileges.  In such circumstances, the producing party shall

immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials.  Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof.  Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for the reasons other than the inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged in any way.

11.   FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.   <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: February 17, 2006          HENNIGAN, BENNETT & DORMAN LLP

                                  By   /s/
                                       Omer Salik
                                       Attorneys for Plaintiffs and
                                       Counterdefendants
                                       Computer Cache Coherency Corporation

Dated: February 17, 2006          WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation

                                  By   /s/ Jennifer A. Ochs
                                       Jennifer A. Ochs
                                       Attorneys for Defendants and
                                       Counterclaimants
                                       VIA Technologies, Inc. and
                                       VIA Technologies, Inc. USA

Dated: February 17, 2006          FISH & RICHARDSON P.C.

                                  By   /s/ Tim Riffe
                                       Tim Riffe
                                       Attorneys for Defendants and
                                       Counterclaimant
                                       Intel Corporation

                    **(AS MODIFIED BY THE COURT)**
PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED:_____February 28, 2006_____          _____
                                           Hon. Howard R. Lloyd
                                           United States Magistrate Judge

1

### EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name],

4    of _____ [print or type full address],

5    declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6    Protective Order that was issued by the United States District Court for the Northern District of

7    California in the cases of Computer Cache Coherency Corporation v. VIA Technologies, Inc.

8    and VIA Technologies, Inc. USA, Case No. 05-CV-01668 RMW (HRL) and Computer Cache

9    Coherency Corporation v. Intel Corporation, Case No. Case No. 05-CV-01766 RMW (HRL). I

10   agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

11   understand and acknowledge that failure to so comply could expose me to sanctions and

12   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

13   any information or item that is subject to this Stipulated Protective Order to any person or entity

14   except in strict compliance with the provisions of this Order.

15   I further agree to submit to the jurisdiction of the United States District Court for the

16   Northern District of California for the purpose of enforcing the terms of this Stipulated

17   Protective Order, even if such enforcement proceedings occur after termination of this action.

18   I hereby appoint _____ [print or type full name]

19   of _____

20   _____ [print or type full address and telephone number]

21   as my California agent for service of process in connection with this action or any proceedings

22   related to enforcement of this Stipulated Protective Order.

23

24   Date: _____

25   City and State where sworn and signed: _____

26   Printed name: _____

27   Signature: _____

28

STIPULATED PROTECTIVE ORDER                    -1-