**E-FILED on** 12/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMPUTER CACHE COHERENCY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant and Counterclaimant | No. C-05-01766 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART INTEL'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS<br>**Re Docket No. 231** |

On August 24, 2009, the court ordered that judgment be entered in favor of defendant Intel Corp. ("Intel") and against plaintiff Computer Cache Coherency Corp. ("CCCC"). As the prevailing party, Intel requested taxable costs in the amount of $193,757.86. On November 3, 2009, the Clerk found taxable costs to be $39,853.73, disallowing the remainder. Intel now moves for review of the Clerk's taxation of costs and seeks recovery of $188,882.19. For the reasons set forth below, the court grants the motion in part and denies the motion in part.

**I. BACKGROUND**

On September 8, 2009 and October 20, 2009, Intel filed its Bill of Costs, seeking a total of $193,757.86. Docket No. 220; Docket No. 228. The Clerk granted costs in the amount of $39,853.73, disallowing the rest as "outside the ambit of LR 54-3." Docket No. 229. The amounts

that Intel sought, that the Clerk disallowed, and that the Clerk granted are set forth in the table below:

|  | **Intel Sought** | **Clerk Disallowed** | **Clerk Granted** |
|---|---|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $11,599.35 | $1,381.95 | $10,217.40 |
| Fees for witnesses | $1,732.91 | $0 | $1,732.91 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $84,314.54 | $56,411.12 | $27,903.42 |
| Other costs | $96,111.06 | $96,111.06 | $0 |
| **Total** | **$193,757.86** | **$153,904.10** | **$39,853.73** |

Though Intel originally sought taxable costs in the amount of $193,757.86, after meeting and conferring with counsel for CCCC, Intel agreed to reduce that amount by $4,875.67. Intel now seeks recovery of $188,882.19. Intel's Mot. 1.

In particular, Intel contends: (1) the Clerk should have granted the $96,111.06 of "Other costs" that were incurred creating graphics presentations for the tutorial and *Markman* hearings; and (2) the Clerk should have granted an additional $49,910.21 (and possibly also an additional $3,152.14) of reproduction costs (falling within the category "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case") for add-on services that are incident to modern electronic document production, such as Bates-numbering. Intel's Mot. 1-3.

## II. ANALYSIS

### A. Costs Associated with Graphics Presentations for Tutorial and *Markman* Hearings

The Clerk disallowed $96,111.06 in "Other costs" as being "outside the ambit of LR 54-3." Docket No. 229. According to Intel, these costs were incurred preparing graphics and animated presentations for explaining technical issues to the court in the tutorial and to facilitate *Markman* hearings. Civ. L. R. 54-3(d)(5) states: "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Courts have interpreted this rule as permitting recovery for the cost of creating demonstratives for tutorials and *Markman* hearings when they are reasonably necessary to assist the court in understanding the issues. *See Competitive Techs. v. Fujitsu Ltd.*, 2006 WL 6338914 at *9 (N.D. Cal Aug. 23, 2006). Nonetheless, CCCC contends that these costs should be disallowed because: (1) the graphics presentations were not reasonably necessary, and (2) the amounts billed improperly include costs associated with creating the content of the graphics presentations.

#### 1. Necessity of Graphics Presentations

For the costs to be recoverable, the demonstratives used must be reasonably necessary for assisting the court or the jury's understanding of the issues. Civ. L. R. 54-3(d)(5). When a patent infringement suit involves complicated subject matter, it may be reasonably necessary to prepare visual aids to help the court understand the issues. *Id.* (citing *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 U.S. Dist. LEXIS 41177 at *11 (N.D. Cal. Aug. 26, 2005)). However, the type of visual aids prepared must also be found to be reasonably necessary. *See Affymetrix,* 2005 U.S. Dist. LEXIS 41177 at *12 (finding animated PowerPoint presentations unnecessary because poster boards would have sufficed to educate the court on the issues).

CCCC does not dispute that this was a complicated case involving many technical issues, such that demonstratives were reasonably necessary to educate the court. Rather, CCCC contends that, as in *Affymetrix*, poster boards would have sufficed as visual aids, and that Intel's animated PowerPoint presentations were thus unnecessary. Intel argues that millions of dollars were at stake,

and therefore, given the high stakes of the lawsuit and the helpfulness of the animated presentations, these presentations were reasonably necessary. *See Competitive Techs.*, 2006 WL 6338914 at *9 ("Given the potential financial impact of this lawsuit, the cost of the demonstratives was reasonable in light of their usefulness."). The court finds that the animated presentations were useful and reasonably necessary given the complexity of the issues in this case.

### 2. Scope of Costs Included

Only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable. *Pixion Inc. v. Placeware Inc.*, 2005 U.S. Dist. LEXIS 11351 at *10-11 (N.D. Cal. May 25, 2005) (citing *Romero v. City of Pomona*, 888 F.2d 1418, 1427-28 (9th Cir. 1989), *overruled on other grounds by Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1991)).

Intel submitted invoices from ThinkTwice Inc., Four Square Production, and Advanced Courtroom Technologies to substantiate the costs it incurred in creating demonstratives for the tutorial and *Markman* hearings. These invoices include fees charged for: reading file materials, preparing an exhibit plan, attending client meetings, scripting the storyboard, design, extranet design and updates, providing art direction, maintaining a binder, concept development, project management, and trial consulting. Ex. C attached to Intel's Bill of Costs. Lodging, airfare, meals, parking, and taxi rides for those working on the demonstratives are also included in the bill. *Id.* These costs do not arise from the physical preparation of demonstratives. Consequently, the court is unwilling to accept Intel's representation that the entire $96,111.06 was incurred in the physical preparation of demonstratives, as opposed to costs associated with the intellectual effort involved in creating the content of demonstratives. Intel has the burden of demonstrating the actual costs incurred and the reasonableness of those costs. In view of the nature of the graphics presentations, the court is satisfied that at least $25,000 was incurred in physical preparation of demonstratives and therefore awards that amount.

## B. Reproduction Costs

The Clerk disallowed $56,411.12 out of the $84,314.54 sought for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" as being "outside the ambit of LR 54-3." Docket No. 229. Because the order taxing costs does not specify which items were disallowed, Intel is not able to discern precisely which costs were found to be objectionable. In the face of this uncertainty, Intel states "it appears that many of the costs incident to modern electronic document production were improperly disallowed." Intel's Mot. 3. CCCC argues that the disputed costs should be disallowed because: (1) Intel improperly claimed costs associated with a January 16, 2007 document production that duplicated an earlier production; (2) Intel failed to show that its copying costs were "for use in the case" as required under 28 U.S.C. § 1920; and (3) Intel is seeking costs for add-on services that were for the convenience of counsel.

### 1. January 16, 2007 Document Production

Intel admits that the documents it produced on January 16, 2007 duplicated an earlier production but states that it has not sought to recover costs for both the initial incorrect production and the later corrected production. Intel's Reply 3. Because Intel only seeks recovery for the cost of the later document production, the court finds these reproduction costs to be taxable.

### 2. Copying "for use in the case"

The court's discretion to award costs to the prevailing party is limited to those costs that are within the scope of 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Under 28 U.S.C. § 1920(4), costs may be taxed for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Civ. L. R. 54-3(d)(2) clarifies what is included within the scope of "for use in the case": "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable."

CCCC contends that Intel may not recover all costs associated with producing documents to CCCC and points to *United States ex rel. Meyer v. Horizon Health Corp.*, 2007 U.S. Dist. LEXIS 14521 (N.D. Cal. Feb. 12, 2007), as supporting its contention. However, the court in *Meyer* found that costs for document production are recoverable when the documents are "tendered to or prepared for the opposing party" and only disallowed costs in that case because the disputed documents were

ORDER GRANTING IN PART AND DENYING IN PART INTEL'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
C-05-01766 RMW
CCL 5

"not prepared for use in presenting evidence to the court nor prepared or tendered for the plaintiffs." *Id.* at *14-15.

In its Bill of Costs, Intel included invoices for expenses incurred in document production as well as its production letters detailing the Bates numbers of the documents being produced. Ex. B attached to Intel's Bill of Costs. Because Intel seeks costs incurred in preparing and tendering documents to CCCC, these document production costs fall within the scope of copying "for use in the case" and may be recoverable.

### 3. Electronic Document Production and Add-On Services

Intel and CCCC dispute whether Bates-numbering, electronic scanning, imaging, optical character recognition (OCR), and media duplication are recoverable as reproduction costs under 28 U.S.C. § 1920(4) and Civ. L.R. 54-3(d)(2). In addition, Intel seeks the court's guidance as to whether the costs of tape bindings, metadata and text extraction, PDF renaming, and data management are recoverable.

The Ninth Circuit interpreted 28 U.S.C. § 1920(4)'s language permitting recovery of "the costs of making copies" as permitting recovery only for fees incurred in the "physical preparation and duplication of documents." *Romero*, 883 F.2d at 1428. Therefore, the question is whether these costs fall within the scope of the physical preparation and duplication of documents. Courts have held that some add-on services are taxable, as costs incident to modern electronic document production. *See, e.g. Competitive Techs.*, 2006 WL 6338914 at *8 (permitting recovery of the cost of Bates stamping). The court finds that a portion of the disputed costs, such as the expense of Bates-numbering and electronic scanning, are recoverable as reproduction costs, while some of the costs, such as the expense incurred for OCR and metadata extraction, are not recoverable, as they are merely for the convenience of counsel. The court therefore awards an additional $24,955.11, which is half of the additional $49,910.21 Intel sought in reproduction costs.

ORDER GRANTING IN PART AND DENYING IN PART INTEL'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
C-05-01766 RMW
CCL                                             6

## III. ORDER

For the foregoing reasons, the court awards Intel total costs of $89,808.84, the sum of the amounts set forth below:

1. The Clerk's original allowance of $39,853.73;
1. $25,000 in "Other costs" for the cost of physical preparation of graphics presentations; and
2. An additional $24,955.11 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" for expenses incurred in electronic document production.

DATED: 12/18/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Lawrence M. Hadley        hadleyl@hbdlawyers.com
Roderick G. Dorman        dormanr@hbdlawyers.com
Omer Salik                saliko@hbdlawyers.com

**Counsel for Defendant:**

Arthur W Coviello         arthur.coviello@wilmerhale.com
Hector G. Gallegos        hgallegos@mofo.com
James P. Bennett          jbennett@mofo.com
Jennifer A. Ochs          jochs@wsgr.com
Karl J. Kramer            kkramer@mofo.com
Lauren B. Fletcher        lauren.fletcher@wilmerhale.com
Paul Forrest Coyne        pcoyne@mofo.com
William F. Lee            william.lee@wilmerhale.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/18/09                                    CCL
                                            **Chambers of Judge Whyte**